SAYRE, RESPONDENT, *v.* JOHNSON, APPELLANT.

(No. 2,124.)

(Submitted June 15, 1905.  Decided July 11, 1905.)

*Water Rights—Measure of Appropriation—Useful and Beneficial Use of Water—Use on Leased School Lands—Briefs—Waiver of Errors.*

Appeal—Briefs—Waiver of Errors.
    1.  Matters specified as error on appeal, but not discussed in the brief, will be deemed waived.

Water Rights—Measure of Appropriation.
    2.  The measure of an appropriation of water does not depend upon the *average* amount of the water flowing in the stream, but upon the *greatest* amount, reference being had to the appropriator's needs for the water and his facility for conducting it to the place of intended use.

Water Rights—Appropriation—Useful and Beneficial Purpose.
    3.  Where a successor in interest of an appropriator of water greatly increased the amount of grass for pasture by irrigation, such use of the water was a useful and beneficial one within the meaning of section 1881 of the Civil Code.

Water Rights—Sale of Part of Water Appropriated—Effect—Appeal.
    4.  An owner of a water right of three hundred inches disposed of one hundred and sixty inches thereof, but repurchased the same as soon as possible upon discovering his mistake. *Held*, that while such sale was some evidence of the fact that the vendor did not have use for the full three hundred inches, yet, the district court having determined that he had use for the water and that the sale was not evidence of bad faith, the supreme court will not disturb the conclusion reached.

Water Rights—Use by Owner on Leased School Lands.
    5.  Neither an appropriator of water nor the vendee of such water right need be the owner in fee simple of the land upon which the water is to be used, but may use it upon school land leased from the state.

*Appeal from District Court, Meagher County; W. R. C. Stewart, Judge.*

ACTION by Ed. Sayre against David Johnson. From a judgment in favor of plaintiff, and from an order denying his motion for a new trial, defendant appeals. Affirmed.

*Mr. E. A. Carleton,* for Appellant.

The *corpus* of water is not susceptible of ownership in Montana; all that an appropriator or his successor in interest can own, hold or sell is merely a usufructuary interest in the water, i. e., a right to its beneficial use, and no more. There is no proprietorship in the water. (Long on Irrigation, sec. 9. See, also, *Vernon Irr. Co.* v. *City of Los Angeles,* 106 Cal. 237, 39 Pac. 762; *Hargrave* v. *Cook,* 108 Cal. 72, 41 Pac. 18, 30 L. R. A. 390.)

*Mr. N. B. Smith* and *Messrs. Word & Word,* for Respondent.

The doctrine is established beyond dispute that a water right may be sold and transferred separately from the land for which it was appropriated; that the owner may change the place of diversion, if others are not thereby injured, and that the water may be used for purposes other than those for which it was appropriated. (17 Am. & Eng. Ency. of Law, 517; *Middle Creek Ditch Co.* v. *Henry,* 15 Mont. 558, 39 Pac. 1054; *Smith* v. *Denniff,* 24 Mont. 20, 30, 81 Am. St. Rep. 408, 60 Pac. 398, 50 L. R. A. 741.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The purpose of this action was to have determined the relative rights of the parties to the use of waters of the East Fork of Mud Creek, in Meagher county. The plaintiff claims a right to the use of three hundred inches of such water, based upon an appropriation for that amount made by Charles M. Holliday on the 15th day of July, 1895, to which right the plaintiff succeeded by purchase from Holliday in 1901. The defendant disputes the validity of plaintiff's claim, and seeks to establish his right to the use of three hundred inches of water in said creek, based upon his appropriation made September 9, 1901. After the issues were made up, the defendant demanded a jury trial, which was denied. The court made findings of fact and conclusions of law, all favorable to the plaintiff, and entered a

decree establishing plaintiff's right to the use of three hundred inches of water appropriated in 1895, and defendant's right to a like amount appropriated in 1901. From this decree and from an order denying his motion for a new trial the defendant appealed.

While defendant specifies as errors relied upon, the order of the court refusing his application for a jury trial, the order of the court in admitting in evidence a certain deed, and the order of the court taxing costs against him, these questions are not discussed in the brief at all, and therefore must be deemed waived. (*Matusevitz* v. *Hughes,* 26 Mont. 212, 66 Pac. 930, 68 Pac. 467; *Hayes* v. *Union Mercantile Co. et al.,* 27 Mont. 264, 70 Pac. 975.)

The only question presented by argument is the insufficiency of the evidence to sustain findings of fact numbered 6, 8, 9, and 10, and to justify the conclusion of the court in awarding the plaintiff the prior right to the use of three hundred inches of water.

Finding No. 6 is that the full amount of three hundred inches of water was necessary to irrigate the lands belonging to Holliday, and that Holliday used that amount continuously from the date of his appropriation to the date of his sale to Sayre.

Finding No. 8 is that from the time of his purchase of this water continuously to the commencement of this action the plaintiff, Sayre, had used three hundred inches of water of said creek, except when prevented by the defendant, and except for a period of time from February 4, 1902, to April 20, 1903, during which time one Jesse H. Weston was the owner of one hundred and sixty inches of the water claimed by this plaintiff, by virtue of a purchase from him.

Finding No. 9 is that the full amount of three hundred inches of water is necessary to irrigate the land owned by the plaintiff, Sayre. These three findings of fact and the conclusion that the plaintiff is entitled to the right to use three hundred inches of water of said creek, may be considered together, as they depend upon the same character of evidence.

There is evidence sufficient to show that, during each of the three years immediately prior to the sale of the water right by Holliday to Sayre, Holliday irrigated about one hundred and forty acres of land, and in doing so used all the water in the creek. The evidence is not clear as to just what that amount was, but if it exceeded three hundred inches, the amount appropriated by Holliday, neither Holliday nor his successor in interest, Sayre, profited by it, for neither claimed more than three hundred inches by virtue of that appropriation. If the utmost used was less than three hundred inches, appellant cannot complain, for each used all the water there was. The evidence is likewise sufficient to show that Sayre has use for the full amount of three hundred inches, and has likewise used all the water in the creek when not molested. His claim, however, was properly limited to three hundred inches, the amount of the Holliday appropriation.

It is said, however, that there are not three hundred inches flowing in the creek during irrigating season, and therefore the evidence could not sustain these findings. The evidence does show that in the spring there is flowing in this stream as much as eight hundred or nine hundred inches of water, and that the amount rapidly decreases until there is very little or none at all.

Upon the trial, counsel for defendant (appellant here) showed by his cross-examination of witnesses for both plaintiff and defendant, that the average flow of water in this stream was from one hundred to one hundred and fifty inches during the irrigating season, and from this appellant contends that the utmost which could have been awarded to plaintiff was from one hundred to one hundred and fifty inches. But in this appellant is in error. The measure of an appropriation of water is not made to depend upon the average amount of the water flowing in the stream, but upon the greatest amount; reference being had to the appropriator's needs for the water, and his facility for conducting it to the place of intended use. In other words, if the plaintiff had need for three hundred inches of water, and his ditch would carry that amount, he was entitled to have

his appropriation fixed at that amount. If that amount is ever in the stream during the irrigating season, plaintiff will get it. If it is not, appellant is not injured at all. The evidence shows that respondent has use for all there is in the stream, up to three hundred inches. Furthermore, defendant occupies the inconsistent position of contending that the plaintiff cannot establish a right to three hundred inches of the water, because it is not in the creek, and at the same time asking the court to decree to him an appropriation of three hundred inches out of the same stream.

But appellant contends, first, that respondent's use of the water is not a useful and beneficial one, within the meaning of those terms as employed in section 1881 of the Civil Code, at least in so far as the water is used upon his homestead, which is devoted to grazing purposes. But the evidence does show that by irrigation the amount of grass for pasture is greatly increased. If the respondent should cut the grass for hay, it would hardly be contended that the use of the water was not then beneficial, within the meaning of the statute; and if so, it can hardly be that the question whether the use is a beneficial one can be made to depend upon the particular manner in which respondent feeds the grass procured by the irrigation. While the statute has failed to define the terms "useful" or "beneficial," as used in this connection, we are of the opinion that the use by respondent comes within the meaning of those terms as they are emplyoed.

Second. It is further contended that the sale by Sayre to Weston of the right to use one hundred and sixty inches of the water is evidence that Sayre did not have use for the full three hundred inches; and so it is some evidence of that fact. But Sayre explains that transaction by saying that he discovered his mistake and bought the right back as soon as possible, the year after he sold it. However, all of this evidence was before the trial court upon the question of plaintiff's good faith in that transaction, and the court below having determined from all the evidence upon the subject that Sayre had use for the water,

and that the sale to Weston was not evidence of bad faith, we are not disposed to disturb the conclusion reached.

Finally, it is said that Sayre's use is not within the spirit of the statute, for the reason that some of the land for which this water right was purchased does not belong to Sayre, but is state school land, leased by him from the state. But in this, also, appellant is in error. The law does not require that an appropriator of water must be the owner in fee simple of the land upon which the water is to be used. If it did, the appellant would have no standing in court, for he does not own the land for which he seeks an appropriation of the same water. (*Smith* v. *Denniff*, 23 Mont. 65, 57 Pac. 557, 50 L. R. A. 737; on rehearing, 24 Mont. 20, 60 Pac. 398, 81 Am. St. Rep. 408, 50 L. R. A. 741; *Toohey* v. *Campbell et al.*, 24 Mont. 13, 60 Pac. 396; Long on Irrigation, sec. 35, and cases cited.)

So far as finding No. 10, to the effect that defendant interfered with the use of the water by plaintiff, is concerned, the evidence is ample to support it.

While it would have been more nearly accurate for the court below to have found that Holliday's use was of all of the water flowing in the stream, instead of the definite amount as fixed by the court, still, in the end, it amounts to the same thing, for the court properly limited the appropriation to three hundred inches.

No error appearing, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLEY and MR. JUSTICE MILBURN concur.