## STATE v. CAREY.

(No. 950; Decided Sept. 29th, 1919; 183 Pac. 785.).

PUBLIC LANDS—PURCHASER FROM THE STATE MUST PAY PRIOR LESSEE FOR WATER IMPROVEMENTS—CONSTRUCTION OF STATUTES—IMPLIED REPEAL.

1. To justify the presumption of an intent to repeal one statute by the enactment of another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed.

2. Where two legislative acts are repugnant to, or in conflict with each other, the one last passed, being the latest expression of the legislative will, must govern although it contains no repealing clause.

3. A purchaser of school land from the state is obliged to pay a prior lessee the appraised value of irrigation ditches made thereon, and water rights acquired therefor by such lessee. The provisions of Compiled Statutes of 1910, Section 632, are controlling.

ORIGINAL PROCEEDINGS IN MANDAMUS on the relation of A. H. Marble against Robert D. Carey, Governor, and others comprising the State Board of Land Commissioners.

*Clark and Haggard,* for relator.

The rights of the original lessee are governed by the provisions of Sec. 632, C. S.; the provisions of Sec. 616, C. S.,

while in conflict, were apparently repealed by implication; at any rate, Sec. 632 is the more recent expression of the legislature on the subject, and should govern; the presumption of repeal is supported by the legislative history of the two sections, when considered in connection with other sections of the state land laws, bearing a relation to both. Sec. 616 may remain in force and effect for certain purposes; for example, in cases where the original lessee has reclaimed more than one quarter of the land, thus acquiring a right to successive leases, for a period of 25 years, at the end of which time the water rights and improvements should revert to the state; the purchaser having complied with the statute, Sec. 632 C. S., is entitled to a certificate of purchase.

*D. A. Preston, Attorney General,* for defendant.

Educational lands may be leased for periods not exceeding five years; water rights acquired by the original lessee become the property of the state at the expiration of the first five year lease, under the provision of Sec. 616 C. S., and the same rule should be applied at the expiration of each succeeding five year lease term; water rights thus acquired by the state could not be impaired by the subsequent enactment of Sec. 632 C. S.

*Clark and Haggard,* for relator, in reply.

If the leases upon which the provisions of Section 616 are founded could not be lawfully given, and the preferential right to renewals be void, there could be no transfer of water rights growing out of a transaction under a void statute. The contention that Sec. 632 cannot be given retroactive effect, so as to apply to a lease granted prior to its enactment, is not supported by the authorities, since Sec. 632 is a repealing act (36 Cyc. 1224). Occupying claimant or betterment acts may operate retrospectively (22 Cyc. 15; Beard v. Dansby, 48 Ark. 183, 2 S. W. 701; Fee v. Coudry, 45 Ark. 410; Claypool v. King, 21 Kan. 602; Whittney v. Richardson, 31 Ver. 300; Mills v. Geer, 111 Ga. 275, 52 L. R. A. 934.

BEARD, CHIEF JUSTICE:

This is an application to this court by the relator for a writ of mandamus requiring the defendants to issue to him a certificate of purchase for Section 16, Tp. 21 N., R. 66 W., in Platte county. The case was commenced while the predecessors of the above named defendants were in office, and during the pendency of the action the present officers were, duly, by order of court, substituted as defendants. The case has been submitted on a general demurrer to the petition, and presents the single question of law, viz: Is the purchaser of school lands from the state required to pay to the lessee of said lands the appraised value of irrigation ditches constructed by said lessee, and water rights acquired by him during the period of his lease or leases for the irrigation of less than one fourth of said land, or must said purchaser pay said appraised value to the state? The relator paid to the proper state officer the first payment required at the time of the sale and purchase of the land, and paid to the lessee or lessees the appraised value of the ditches which had been constructed thereon and the water acquired by them during the terms of their leases, and delivered to the proper officer the receipts of the said lessees for such payments and demanded that a certificate of purchase for said lands be issued to him. This the defendants refused, claiming that the state was entitled, and not the lessees, to the appraised value of said ditches and water rights.

The provisions of the statutes which we are required to construe and apply are Sections 616 and 632, Compiled Statutes, 1910, which read as follows:

"Sec. 616. All water rights which shall have become appurtenant to the lands leased aforesaid shall, upon the expiration of the leases given to the lessee who made the irrigation and improvements thereon, become the property of the state, and shall not be considered as being improvements, which any subsequent lessee or purchaser thereof shall be obliged to reimburse or pay such original lessee who made such improvements thereon."

"Sec. 632. If any state lands be sold upon which surface improvements, including irrigation works of any kind, have been made by a lessee, or for which water rights or proportionate interests in irrigation reservoirs, canals or systems, have been acquired, said improvements, irrigation works and water rights shall be appraised under the direction of the board. The purchaser of said lands, upon which improvements and irrigation works have been made, or for which water rights have been acquired as herein provided for, shall pay the owner of such improvements, irrigation works or water rights, as the case may be, the appraised value thereof, and take a receipt therefor, and shall deliver the same to the commissioner of public lands before he shall receive a patent or certificate of purchase. All such receipts shall be filed and preserved in the office of the commissioner of public lands."

If both of those sections of the statute were in force at the time of the transaction in question, which was February, 1917, there is at least an apparent conflict between them. Section 616 was originally Section 24 of Chapter 79, Session Laws of 1890-91, and has remained unamended or directly repealed to the present time. Section 632 was likewise originally section 32 of the same chapter of the laws of 1890-91. That section as originally enacted and as it remained until amended and re-enacted read as follows: "If any state lands be sold upon which surface improvements have been made by a lessee (except irrigating ditches and irrigation works), said improvements shall be appraised under the direction of the board. The purchaser of state lands upon which improvements have been made, as herein provided for, shall pay the owner of such improvements the appraised value thereof, shall take a receipt therefor, and shall deliver the same to the register before he shall receive a patent or certificate of purchase. All such receipts shall be filed and preserved in the office of the register."

Thus the law remained until 1909. By section 2 of Chapter 132, Session Laws of 1909, the last above quoted section was amended so as to read as it now appears as section 632

of the Compiled Statutes of 1910, as above set out. By omitting from the section, as originally enacted, the exception of "irrigating ditches and irrigation works," and inserting in lieu thereof the words "including irrigation works of any kind," it seems clear that it was the intention of the legislature to include irrigation works and water rights in the improvements to be paid for by the purchaser to the lessee who had constructed and acquired the same. Prior to the amendment of 1909, surface improvements, other than irrigating ditches and irrigation works, were required to be appraised and the purchaser was required to pay the owner of such improvements the appraised value thereof. By the amendment the improvements which are required to be appraised include not only those mentioned in the original act but also irrigation works and water rights, and no provision is made for a separate appraisement of the different kinds of improvements, and all are to be paid for by the purchaser, to the owner, and receipts for such payment delivered to the commissioner of public lands before the purchaser shall receive a patent or certificate of purchase. Those requirements that the appraisement of improvements shall include irrigation works and water rights add to the force of the plain language of the statute, and renders it certain that the legislature intended thereby to place irrigation works and water rights on exactly the same footing and in the same situation with respect to payment therefor as other surface improvements placed upon the land by the lessee. There is, therefore, such repugnance or conflict between the provisions of sections 616 and 632, Compiled Statutes of 1910, that they cannot be harmonized or reconciled. Repeals of statutes by implication are not favored; and as stated in 36 Cyc. 1072, "To justify the presumption of an intent to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect a repeal must be otherwise clearly expressed." In the present case we find not only that the two statutes are irreconcilable, but also, as we think, a clearly expressed intent by the legislature to substitute the provisions of the later act for

those of the former. It is also said in the work last above cited, on page 1073, "Where two legislative acts are repugnant to, or in conflict with, each other, the one last passed, being the latest expression of the legislative will, must govern, although it contains no repealing clause." That rule is so well established that it requires no further citation of authorities to support it. We are, therefore, of the opinion that the provisions of section 632, Compiled Statutes, 1910, govern this case, and that the relator is entitled to a certificate of purchase for said lands, and that it is the duty of the defendants to issue and deliver to him such certificate of purchase. A writ of mandamus will issue, directed to said defendants commanding them to perform that duty.

*Writ allowed.*

POTTER, J., and BURGESS, District Judge, concur.

BLYDENBURGH, J., being unable to sit, HON. JAMES H. BURGESS, Judge of the Fourth Judicial District, was called in and sat in his stead.