(No. 5514. September 26, 1930.)

FIRST SECURITY BANK OF BLACKFOOT, Respondent, v. STATE and WOOD LIVESTOCK COMPANY, Appellants.

[291 Pac. 1064.]

W. D. Gillis, Attorney General, A. C. Cordon, Assistant Attorney General, and Peterson, Baum & Clark, for Appellants.

John W. Jones and Guy Stevens, for Respondent.

GIVENS, C. J.—The First Security Bank of Blackfoot applied to the commissioner of reclamation for permission to change the place of use of four and two-fifths second-feet of the water of Big Creek in Custer county. Protests were filed by the Wood Live Stock Company and the State of Idaho and after a hearing before the commissioner the application was denied. The Bank perfected a statutory

appeal (C. S., sec. 5582) to the district court, which reversed the decision of the commissioner and ordered the issuance of a certificate authorizing the transfer.

In 1910 one Reese was decreed 450 inches of Big Creek, this water by the decree being made appurtenant to certain lands in section 31, township 13 north, range 24 E., B. M.; also to certain lands in section 36, township 13 north, range 23 E., B. M. Reese acquired title to the lands in section 31 but not to the lands in section 36 which were school lands belonging to the state.

When the appropriation of the water was made by the predecessors in interest of Reese, and for years thereafter and while they were under irrigation, the lands now comprising section 36 were unsurveyed lands of the United States. Upon their survey and allocation as school lands, if not before, title passed to the state of Idaho. After the survey, Reese continued to occupy the lands in section 36 as lessee of the State.

By mesne conveyances title to the lands in section 31 and also the water rights appurtenant to these lands and the water rights used by Reese and his predecessors in connection with the lands in section 36 passed to the First Security Bank, the petitioner in this action. The Bank has entered into a contract of sale with A. A. Ziegler whereby title to these lands and water rights is to pass to Ziegler.

Prior to entering into this contract, Ziegler occupied and farmed the lands as lessee. Since 1918 Ziegler has also leased the lands in section 36, first from the State and then, after sale of this land by the State to the Wood Livestock Company in 1919, from the latter company. Thus Ziegler and his predecessors in interest have been in continuous possession of the lands on which the water in question has been used, both in section 31 and section 36, either as owner or lessee since the original appropriation of the water. During all this time it appears that the lands in section 36 received their *pro rata* share of the decreed water. The Bank, alleging the right to the use of the water, now proposes

to divert the water used on lands in section 36 to lands owned by the Bank.

At the outset the right of the commissioner of reclamation and the district court to entertain the petition herein under the facts of this case is challenged. C. S., sec. 5582, provides that any person "*owning any land* to which water has been made appurtenant . . . . desiring to change the place of use of such water shall first make application to the department of reclamation."

██ The First Security Bank does not own the land on which the water it desires to divert has heretofore been used, and hence the appellants urge that the commissioner of reclamation and the district court had no right to consider its application. We believe this position to be untenable for this reason. It is well settled in this state and elsewhere that a water right is a property right. (*Hard v. Boise City Irr. Co.*, 9 Ida. 589, 76 Pac. 331, 65 L. R. A. 407; *Bennett v. Twin Falls Co.*, 27 Ida. 643, 150 Pac. 336; *Waha v. Lewiston Co.*, 158 Fed. 137; *Strickler v. Colorado Springs*, 16 Colo. 61, 26 Pac. 213; Kinney on Irrigation and Water Rights, 2d ed., secs. 768, 1015.) One of the valuable incidents of this property right of which the owner cannot be deprived is the right to use it where he will and to change its place of use, providing always that by such use or such change in the place of use the rights of others are not adversely affected. (*Sanderson v. Salmon River Co.*, 34 Ida. 145, 199 Pac. 999; *Bennett v. Twin Falls Co., supra; New Cache la Poudre Irr. Co. v. Water Co.*, 29 Colo. 469, 68 Pac. 781; *Wadsworth Ditch Co. v. Brown*, 39 Colo. 57, 88 Pac. 1060; *Lower Latham Ditch Co. v. Bijou Irr. Co.*, 41 Colo. 212, 93 Pac. 483; Kinney, *supra*, secs. 869, 1364.)

██ The statute empowering the commissioner of reclamation to authorize a change in the place of use was designed to provide a method for making such changes which would eliminate friction and a multiplicity of lawsuits among water users. But it neither added to nor detracted from a property right which already existed. (*Wadsworth*

*Ditch Co. v. Brown, supra; Lower Latham Ditch Co. v. Bijou Irr. Co., supra.*)

Of course the procedure indicated by the statute must be followed where the statute applies. But where, as here, the statute is not applicable, because the applicant is not the *owner* of the land to which the water has been made appurtenant, the owner of the water right, desiring to change its place of use, is not without a remedy. He, on the contrary, may proceed in a court of equity. (*Lower Latham Ditch Co. v. Bijou Irr. Co., supra.*)

This is substantially the procedure followed by the petitioner in this case. Upon denial of its petition by the commissioner, the Bank appealed to the district court. Proceedings before the district court in matters of this kind are *de novo.* (*State v. Adair, ante,* p. 271, 287 Pac. 950.)

The court was within its equitable jurisdiction in decreeing a change in the place of use of the water.

While the question of abandonment as such is to be settled in some other appropriate proceeding (*Twin Falls Canal Co. v. Shippen,* 46 Ida. 787, 271 Pac. 578) in an action involving a change in the place of diversion, the reasons why the change will or will not injure other appropriators may be considered, as indicated by the latter portion of the case cited.

The second point raised on this appeal involves the question of whether a water right may be perfected by a lessee of state land for use in connection with that land.

The trial court found that the water right in question here was not initiated either by the State or the Wood Livestock Company, the present owners of the land. As near as we can determine from the record, and the court so found, it was initiated by the predecessors of Reese and Ziegler while the land was a part of the public domain of the United States. Since that time the land on which the water has been used has been owned by the State of Idaho and since 1919 by the Wood Livestock Company.

■ Water may be appropriated for beneficial use on land not owned by the appropriator and this water right becomes the property of the appropriator. (*Sarrett v. Hunter*, 32 Ida. 536, 185 Pac. 1072; *Sanderson v. Salmon River Co.*, 34 Ida. 145, 199 Pac. 999; Kinney, *supra*, secs. 686, 689, 767.) This has been held in cases where the water was appropriated for use on land on which the appropriator was a mere trespasser (*Seaweard v. Pacific Live Stock Co.*, 49 Or. 157, 88 Pac. 963); where the appropriator had leased the land on which he intended to use the water (*Hays v. Buzard*, 31 Mont. 74, 77 Pac. 423; *Cooper v. Shannon*, 36 Colo. 98, 118 Am. St. 95, 85 Pac. 175); and where the appropriator was a lessee of state school lands. (*Sayre v. Johnson*, 33 Mont. 15, 81 Pac. 389. See, also, *Sowards v. Meagher*, 37 Utah, 212, 108 Pac. 1112; *St. Onge v. Blakely*, 76 Mont. 1, 245 Pac. 532; *First State Bank v. McNew*, 33 N. M. 414, 269 Pac. 56; Long on Irr., sec. 176; secs. 2339, 2340, Rev. Stats. U. S. C. S., secs. 4647, 4648); 30 U. S. C. A., secs. 51, 52; 43 U. S. C. A., sec. 661.)

■ This court has repeatedly held that a water right is not necessarily appurtenant to the land on which it is used and may be separated from it, and this is the general rule. (*Hard v. Boise City Irr. Co.*, *supra*; *Bennett v. Twin Falls Co.*, *supra*; *Village of Hailey v. Riley*, 14 Ida. 481, 95 Pac. 686, 17 L. R. A., N. S., 86; *Johnston v. Little Horse Creek Co.*, 13 Wyo. 208, 110 Am. St. 986, 79 Pac. 22, 70 L. R. A. 341; Kinney, *supra*, sec. 1015.)

■ If the water right was initiated by the lessee, the right is the lessee's property unless the lessee was acting as agent of the owner. There is no reason why a lessee of state land should be excepted from this privilege.

Wyoming has a statute which provides that all water rights which shall have become appurtenant to state lands by reason of the irrigation thereof by the lessee shall become the property of the state at the termination of the lease. (Wyo. Comp. Stats., sec. 713; *Cooper v. McCormick*, 10 Wyo. 379, 69 Pac. 301.) In *State v. Carey*, 26 Wyo. 300,

183 Pac. 785, this statute was held to have been repealed by implication. We have no such statute.

Section 3018, C. S., applying to Carey Act lands, provides that all water rights on all lands acquired for Carey Act projects shall become appurtenant to the land as soon as title passes from the United States to the State. This court in construing this section has held that that statute could not and did not make the water right an inseparable appurtenance to the land. (*Bennett v. Twin Falls Co., supra.*) If that rule applies to lands, title to which has passed from the United States to the State under the Carey Act, there is no reason why the same rule might not apply to school lands, title to which has passed from the United States to the State.

The judgment is affirmed. Costs awarded to respondent.

Budge, Lee, Varian and McNaughton, JJ., concur.