## STATE OF INDIANA, EX REL. OSBORN v. JENNINGS, AUDITOR.

[No. 22,557. Filed April 16, 1915.]

1. TAXATION. — *Tax Sales.* — *Redemption.* — *Refunding Purchase Money.*—Under §10366 Burns 1914, Acts 1891 p. 199, §192, authorizing the redemption of land sold for taxes at any time within two years after the sale, and §10386 Burns 1914, Acts 1891 p. 199, §212, providing that the auditor, on discovering that a sale of land for taxes was invalid for any cause, shall not convey same, but shall refund the purchase money and the interest thereon, the court did not err in concluding as a matter of law that the purchaser of three lots at a tax sale was not entitled to a deed, where the facts found show that two of the lots were redeemed about two months after the sale, and that at the time of such redemption the auditor declared the sale of the other lot void for the reason that there was no delinquency at the time of the sale, and drew a county order to the purchaser for the purchase money and interest on such void sale. p. 173.

2. TAXATION.—*Tax Sales.*—*Mandamus to Compel Execution of Deed.*—*Evidence.*—In an action to mandate a county auditor to execute a tax deed, where part of the land sold had been redeemed and the sale as to the remainder had been declared void, the evidence was not insufficient to sustain the findings, though it showed some irregularity both as to the redemption and as to the releasing from sale on the ground of invalidity, and the denial of the relief sought was within the discretion of the court. p. 174.

3. MANDAMUS.—*Issuance of Writ.*—*Discretion of Court.*—*Rights of Third Parties.*—The issuance of a writ of mandate generally rests

in the sound discretion of the court, and it will not, as a general rule, be awarded where it appears that the rights of third persons, not parties to the action, are involved. p. 174.

From Greene Circuit Court; *Theo. E. Slinkard,* Judge.

Action by the State of Indiana, on the relation of Mattie Osborn, against Caswell H. Jennings, as Auditor of Greene County. From a judgment for defendant, the relatrix appeals. *Affirmed.*

*Harvey W. Letsinger* and *Reed A. Letsinger,* for appellant.

*Claude E. Gregg,* for appellee.

Cox, J.—This action for mandate was begun to compel appellee as auditor to issue to relatrix a deed on a certificate of sale of three town lots for delinquent taxes, relatrix having been the purchaser and holder of the certificate. The issues formed by general denial to relatrix's complaint were tried by the court. The facts were found specially and a judgment was rendered for appellee on a conclusion of law favorable to him on the facts found, to the effect that relatrix was not entitled to a deed on the certificate. The errors well assigned by appellant are that the court erred in its conclusion of law and in overruling appellant's motion for a new trial.

The court found that two of the lots in question had been redeemed from the sale prior to the expiration of the two years from the date of the sale or, to be specific, a little more than two months after the sale. It was also found by the court that on the same day that this was done the county auditor declared the sale of the other lot void for the reason that the taxes thereon had been paid and that there was no delinquency at the time of the sale and drew a county order to relator for the purchase money on the void sale and the interest provided by statute in such cases. It being the settled rule that for the purpose of considering the correctness of the conclusions of law ex-

ceptions thereto admit that the facts are correctly and fully found, it must follow that the court did not err in concluding as a matter of law that relatrix was not entitled to a deed on her certificate. §10366 Burns 1914, Acts 1891 p. 199, §192, authorizes a redemption at any time during two years from the sale; and §10386 Burns 1914, Acts 1891 p. 199, §212, provides that whenever the county auditor shall discover, prior to the conveyance of any lands sold for taxes, that the sale was, for any cause whatever, invalid, he shall not convey such lands but the purchase money and the interest thereon shall be refunded out of the county treasury to the purchaser.

But counsel insist with much earnestness that these findings which show a redemption of two lots and that the sale of the other was declared void by the auditor are not

2.   sustained by the evidence. The most that can be said of this claim of counsel is that the evidence shows that there was some irregularity both in the matter of the redemption and in the releasing of the other from sale on the ground that the sale as to it was void. It does appear however that relatrix was given the opportunity to receive substantially all the money to which she was entitled. And it is also very clear that for the auditor to have given relatrix a deed on the certificate would have involved the rights of the owners of the lots. Hence it follows that it was within the discretion of the trial court to deny to relatrix the mandate asked. The issuing of the writ of mandate is

3.   generally considered to rest in the sound discretion of the trial court under well recognized rules. 26 Cyc. 144; *State, ex rel.* v. *Board, etc.* (1904), 162 Ind. 580, 603, 68 N. E. 295, 70 N. E. 373, 984. The writ will not, as a general rule, be awarded when it is made apparent that the rights of third persons, not parties to the action are involved in the thing sought to be compelled. High, Extr. Leg. Rem. (3d ed.) §39; 2 Spelling, Injunctions (2d ed.) §1371; 26 Cyc. 149; *Ex parte DuBose* (1875), 54 Ala. 278;

*Farmers, etc., Co.* v. *People, ex rel.* (1896), 8 Colo. App. 246, 45 Pac. 543; *Territory, ex rel.* v. *Perea* (1892), 6 N. Mex. 531, 30 Pac. 928; *State, ex rel.* v. *Trustees* (1884), 20 Fla. 402; *Taber* v. *Commissioner* (1866), 29 Tex. 508; *Commissioner* v. *Smith* (1849), 5 Tex. 471; *Smith* v. *Hodgson* (1907), 129 Ga. 494, 59 S. E. 272; *United States* v. *Edmunds* (1867), 72 U. S. 563, 18 L. Ed. 692. See, also, *People, ex rel.* v. *Chapin* (1886), 103 N. Y. 635, 8 N. E. 368; *People, ex rel.* v. *Adam* (1854), 3 Mich. *427.

The judgment is affirmed.

NOTE.—Reported in 108 N. E. 513. As to who may purchase at tax sale and enforce title, see 15 Am. Dec. 684; 75 Am. St. 229. See, also, under (1) 37 Cyc. 1422, 1423; (2) 37 Cyc. 1427; (3) 26 Cyc. 143, 149.