(No. 5288. February 12, 1930.)

J. H. STONER, JULIA STONER and DRY CREEK WATER COMPANY, a Corporation, Appellants, v. GEORGE N. CARTER, Commissioner of Reclamation of the State of Idaho, and F. J. MARSHALL, Watermaster of Water District No. 31 of the State of Idaho, Respondents.

[285 Pac. 470.]

James R. Bothwell and W. Orr Chapman, for Appellants.

Walters, Parry & Thoman, J. R. Keenan, W. D. Gillis, Attorney General, and Frank L. Stephan, Former Attorney General, for Respondents.

McNAUGHTON, J.—This is an application for a writ of mandate to require defendant officers, in the administration and distribution of the waters of Dry Creek, to deliver to appellants, during the irrigation season of the current year and each and every year thereafter, the following amounts of water with dates of priority as follows, to wit:

230 inches with date of priority as of Dec. 31, 1877.
67½ inches with date of priority as of March 1, 1879.
80 inches with date of priority as of March 1, 1882.
80 inches with date of priority as of March 1, 1883.
40 inches with date of priority as of March 1, 1884.

It is claimed that appellants have a decreed right to this water with these priorities by virtue of adjudications of the waters of this creek in 1904 and 1926. This claimed right is to one-half of all the water heretofore appropriated and decreed to what may be designated as the Terrill lands and Bower lands.

On the thirty-first day of December, 1877, 460 inches of the waters of Dry Creek were diverted, appropriated and put to beneficial use upon the Terrill lands.

During the irrigation season of 1879, 125 inches of the waters of Dry Creek were diverted, appropriated and put to beneficial use on the Bower lands. On March 1, 1882, an additional 160 inches; on March 1, 1883, an additional 160 inches; and on March 1, 1884, an additional 80 inches were diverted, appropriated and put to beneficial use on the Bower lands. Appellants have succeeded to the Bower interests.

On December 12, 1889, the then owners of the Terrill lands and the Bower lands entered into a written agreement providing: " . . . . The dividing the waters of Dry Creek situated in Cassia County, State of Idaho, for their respective ranches situated on said creek, to wit: Each and all agree that waters of Dry Creek be divided equally at the heads of their respective ditches on Dry Creek. . . . . "

Prior to March 7, 1904, an action was instituted in the district court in which Frank J. Terrill and Anna Terrill were plaintiffs, and Samuel Land, A. J. Fuller and J. E. Bower were defendants, for the purpose of adjudicating the water rights of Dry Creek. A decree was entered on March 7, 1904, in said action decreeing to plaintiffs for said Terrill lands, 460 inches of the waters of Dry Creek for Irrigation purposes, with priority of December 31, 1877, and said judgment also decreed to J. E. Bower, for irrigation purposes, 125 inches of the waters of Dry Creek, with priority of March 1, 1879, 160 inches with priority of March 1, 1882, 160 inches with priority of March 1, 1883, and 80 inches with priority of March 1, 1884. Other adjudications with reference to other lands were made which are not mate-

rial to the issue here. Pursuant to stipulation between the Terrills and Bower, the court further decreed:

"That it is further adjudged and decreed that the plaintiffs Frank J. Terrill and Anna Terrill have the right to the use of one-half of each and all of the diverse appropriations of water awarded to defendant J. E. Bower, and that said J. E. Bower is hereby adjudged and decreed the right to the use of one-half of all the waters awarded to said plaintiffs from said creek."

Prior to 1926 another action was instituted in the district court for the adjudication of the waters of Dry Creek in which final judgment was entered on July 26, 1926. This judgment decreed 460 inches of the waters of Dry Creek for irrigation purposes to the Terrill lands with priority of December 31, 1877, but the point of diversion was found to have been lawfully changed to the upper Jordan Dam. This right was therein designated as water right No. 1. This judgment also decreed from the waters of said Dry Creek to the Bower lands:

125 inches with priority date of March 1, 1879, designated water right No. 2.

160 inches with priority date of March 1, 1882, designated water right No. 3.

160 inches with priority date of March 1, 1883, designated water right No. 4.

80 inches with priority date of March 1, 1884, designated as water right No. 5A; and providing that said water rights Nos. 2, 3, 4, 5A should be diverted in the Bower-Canyon ditch and the upper Jordan Dam.

The contract between the respective owners of the Terrill and Bower lands entered into in 1889 was by stipulation incorporated into the 1904 decree as a defined existing right. However, in the decree of 1926 the court, owing to a failure of the parties interested to pursue a question raised by the pleadings in the later case with reference to that right, reserved any ruling as to the then present standing of any claim of right thereunder. In this regard the 1926 judgment contained this provision:

"Provided however, with reference to that certain contract between Geo. Russell, J. R. Bradley, E. P. Hardesty and J. E. Bower, defendants, which is referred to in the Findings of Fact and Decree entered in the aforesaid action involving the waters of Dry Creek under date of March 7th, 1904, by Littleton Price, District Judge, no question has been raised in this action by any of the pleadings upon which this cause was finally tried and determined as to the existence, validity or present binding force or effect of said contract and stipulation; and this court is not in any way determining any questions as to the present existence, validity or binding force or effect of said contract and stipulation or determining any question as to the present rights, if any, of any of the parties to this action thereunder."

It seems to us that the court, in the 1926 decree, intended at least to withhold determination of this right or claim of right as not presented or considered. Whether this right after 1904 was exercised or abandoned may be vital to its present standing. At the hearing herein evidence was submitted tending to prove that the parties to the right, after 1904 and for ten years prior to 1926, had divided these waters, adjudicated to these respective land owners, in equal proportions, and that the Bower lands had received 230 inches of the Terrill appropriation and half of the appropriation decreed to the Bower lands. This may be true, but it is claimed otherwise by respondents, and it is contended further that this claim of right was adjudicated adversely by the 1926 decree. We do not pass upon these issues either of law or fact. We think this proceeding clearly discloses a valid legal controversy as to the present standing of this old right as between the present owners of the Bower lands on the one hand and the present owners of the Terril lands on the other, which can be judicially determined only in a direct action in which all the present owners are parties. (*Lewis v. Mountain Home Co-op. Irr. Co.*, 28 Ida. 682, 156 Pac. 419; *Sanderson v. Salmon River Canal Co.*, 34 Ida. 145, 199 Pac. 999; *State v. Jennings*, 183 Ind. 172, 108 N. E. 513.)

On the ground, it is manifest from the issues here presented, that a real legal controversy is involved, which, if adjudged herein, would necessarily affect water rights of persons not parties to this proceeding, and upon that ground alone we hold that the writ was properly denied. It also follows that the findings and conclusions inconsistent with the views expressed herein are vacated.

Costs are awarded to respondents.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.