(No. 5572. October 19, 1931.)

MABEL ANNA LELAND, Administratrix of the Estate of E. S. LELAND, Deceased, Respondent, v. TWIN FALLS CANAL COMPANY, a Corporation, and W. R. HATFIELD and EMMA L. WICK, as President and Secretary, Respectively, of Said TWIN FALLS CANAL COMPANY, Appellants.

[3 Pac. (2d) 1105.]

James R. Bothwell, for Appellants.

Bissell & Bird, for Respondent.

McNAUGHTON, J.—This is an action in *mandamus* wherein the plaintiff, now respondent, sought and procured

a writ of mandate against the Twin Falls Canal Company and its officers, commanding them to issue to respondent a water certificate for forty shares of the stock of the company, as appurtenant to the NE.¼ of the NE.¼ of Sec. 26, Twp. 9 South, R. 14 East, Twin Falls county, and formerly represented by certificate No. 5604.

From the record here it appears that in a previous case wherein Luigi Mendini and wife were plaintiffs, and Twin Falls Canal Company, Salina. S. Milner, J. J. Rugg, and unknown owners were defendants, and Mary S. Rutt intervenor, the court decreed Luigi Mendini and Rosa Mendini to be the owners of the forty-acre tract, "together with appurtenances, including certificate No. 5604 issued by the Twin Falls Canal Company for forty shares of water in such company." It was further adjudged and decreed "that the action of the intervenor, Mary S. Rutt, as set out in her complaint in intervention and amendment to complaint in intervention, is barred by the statute of limitations." It was further adjudged and decreed that the Twin Falls Canal Company, a corporation, and J. J. Rugg have no estate, lien or interest in or to above-described lands and appurtenant water and water certificate. The judgment was on appeal affirmed. (*Mendini v. Milner*, 47 Ida. 439, 267 Pac. 313.)

On September 20, 1927, by warranty deed, Luigi Mendini and Rosa Mendini granted said land, its appurtenances and this water right, to E. S. Leland. Thereafter, on demand made upon the Canal Company by plaintiff to deliver its certificate representing this water and stock, it refused to do so.

From the return it appears that at the time of the trial of the action referred to, Mary S. Rutt, as assignee of the Twin Falls Canal Company, held the water contract and claimed to hold certificate No. 5604 as security for the purchase price of the water right and claimed a lien against it under the water contract. Notwithstanding, she, as well as the other parties to the action, and the court in the Mendini suit, treated certificate No. 5604 as evidencing a water

right originally dedicated to the NE.¼ of the NE.¼ of Sec. 26, Twp. 9 South, R. 14 East, yet, subsequent to the entry of judgment in that suit barring her action, she attempted to foreclose the lien as a pledge of personal property. H. O. Milner purchased it at this pledge sale, and upon presenting the old certificate No. 5604 to the officers of the Twin Falls Canal Company, a new certificate, No. 10939A was issued to him. After setting forth these allegations, the company prays that the plaintiff take nothing in this cause, and that an order be made bringing in H. O. Milner as an additional necessary party.

After the return day and after the matter had been submitted, and after a letter announcing the court's conclusions had been addressed to the attorneys, but before judgment was entered, a petition for reconsideration was filed, setting forth that Jess O. Eastman owned a quarter interest in this certificate and ten acres of land to which it was appurtenant.

The petition for reconsideration, made after the hearing, must be treated in the nature of a motion, but it was not a motion for a new trial, and the decree which was finally entered in this case must be considered as an order denying that motion. There is no certificate of the trial judge, certifying that the application and affidavit of Jess O. Eastman were submitted to the judge and by him used before entering the judgment which denies the application, as affording a record for review of that phase of the case. (C. S., sec. 7164; *Dudacek v. Vaught*, 28 Ida. 442, 154 Pac. 995.) In the absence of such a certificate, we cannot assume that the court, in passing upon the petition, considered the affidavit of Jess O. Eastman, or that Eastman's affidavit was the only showing considered. In this state of the record we cannot review the ruling on the petition for reconsideration. (Supreme Court Rule No. 24; *Douglas v. Kenney*, 40 Ida. 412, 233 Pac. 874.) However, in passing, it may be observed that from the uncertified papers that we have, it appears that Eastman was not made a party because it

was agreed between him and Leland that the suit should be brought in the name of the latter on behalf of both.

■ Reverting to the merits: It is the rule in this state that *mandamus* will not issue when it appears that third persons, not parties to the proceedings, have real legal controversies or rights relating to the subject matter which may be affected by the judgment. (*Lewis v. Mountain Home Co-op. Irr. Co.,* 28 Ida. 682, 156 Pac. 419; *Stethem v. Skinner,* 11 Ida. 374, 82 Pac. 451; *Stoner v. Carter,* 48 Ida. 745, 285 Pac. 470.) By their specifications of error appellants claim the case is within that rule.

The case of the Canal Company as we understand it is based upon the theory that all that is conveyed by the so-called Carey Act Company water contract is corporate stock in the Canal Company; that the water right dedicated by that contract to the NE.¼ of the NE.¼ of Sec. 26, Twp. 9 South, R. 14 East, and used by the settler upon that land was not in this case nor is it in any case sold to the settler and released from the capital assets of the company. It is therefore claimed that the water right, though real property, is not a complement to land but belongs to the corporation independently from land, and the *res* sold in the water contract and represented by the certificate issued is capital stock in the company and nothing more, and is a proper subject of pledge sale.

The respondent's case is that the water right dedicated to and used upon the NE.¼ of the NE.¼ of Sec. 26, Twp. 9 South, R. 14 East, pursuant to the water contract was dedicated and sold by the Canal Company to the owner of the land and is real property in individual ownership; that the certificate is a muniment of that ownership and is not subject to pledge sale as personalty.

To determine this issue we must examine the qualities of the so-called Carey Act Company water certificate involved in the light of the statutes and contracts relating to the subject matter. Certainly the certificate in question was issued by the Twin Falls Canal Company as representing the proportion of the water right appurtenant to the project

as a whole which was dedicable to the NE.¼ of the NE.¼ of Sec. 26, Twp. 9 South, R. 14 East, Twin Falls county.

C. S., sec. 3018, provides as follows:

''The water rights to all lands acquired under the provisions of this chapter shall attach to and become appurtenant to the land as soon as the title passes from the United States to the State.''

The contract of the construction company with the state concerning the water rights appropriated by it for the lands to·be reclaimed and settled provides:

''The sale or contract of the water right to the purchaser shall be a dedication of the water to the land to which the same is applied and the water right so dedicated shall be a part of and relate to the water right belonging to the said system of canals.''

The contract between the company and the settler in conformity with the provisions in the contract with the state provides:

''That in consideration of the sum of One Hundred Twenty Dollars, cash in hand paid this day by the purchaser to the Company and in further consideration of the agreement of the purchaser to make further payments of principal and interest as hereinafter set forth, the Company promises and agrees that it will, upon receipt of the full amount of the purchase price and interest thereon from the .date hereof, at the rate of six per cent per annum (provided the other terms and conditions herein contained shall have been complied with) convey unto the purchaser, his heirs, personal representatives or assigns, by warranty deed 40 shares or water rights in the dam and canal system of the Company, each share or water right representing a carrying capacity in said canal sufficient to deliver water at the rate of one eightieth of one second foot per acre and a proportionate interest in the said canal with all its rights and franchises, based upon the number of shares finally sold.

''The water which the purchaser shall have the right to conduct and receive through the said canal system shall be

used upon and the water shall become dedicated and be appurtenant to the following described land and no other, to-wit: The Northeast Quarter of the Northeast Quarter (NE.¼ NE.¼) of Section Twenty-six, Township Nine, South, Range Fourteen East, containing 40 acres, in Twin Falls County, Idaho.''

Although the certificate for the water sold by the contract is to be held by the company until its purchase price is paid in full, yet the lien created by the contract does not attempt to treat the water sold as pledged like personal property subject to pledge sale. In this connection the contract provides:

''(4) The purchaser hereby covenants and agrees that upon default in the payment of any of the payments above specified or the interest thereon or any annual charges or assessments hereinbefore provided for, the Company may declare the entire amount of the principal purchase price for said water rights due and may proceed either in law or equity to collect the same and to enforce any lien which it may have upon the water rights hereby contracted or upon the lands to which the said water rights are dedicated, or may at its option proceed to enforce any remedy given by the laws of Idaho to the Company against the purchaser.''

Now examining the certificate in question in light of the provisions and conditions pursuant to which it is issued, we note it provides:

''This certificate entitles the owner thereof to receive one-eightieth of a cubic foot of water per second of time per acre for the following described lands: The NE.¼ of the NE.¼ of Sec. 26, Twp. 9, South, R. 14 East, in accordance with the terms of the contract between the State of Idaho and the Twin Falls Land and Water Company.

''And this Certificate also entitles the owner thereof to proportionate interest in the dam, canal, water rights and all other rights and franchises of the Twin Falls Land and Water Company, based upon the number of shares finally sold, in accordance with the said contract between the said company and the State of Idaho.''

■ It seems clear that by virtue of the statutory conditions and these contracts and the certificate issued pursuant to them, that the company sells and the purchaser buys a water right dedicated to his land. We think this is evidenced by the first category of the certificate. By the second category he also gets an interest in the remaining property of the corporation, to wit: The dam, franchises and other remaining property of the company to be used in connection with the water right.

■■ It seems clear that the certificate in carrying out the whole plan represents and must represent a water right sold to the settler and dedicated to his land and of which he is the beneficial owner. And further, at least in the absence of any showing of separation, the water right is an appurtenance to the land to which it was dedicated, and is part of that property.

This court, Justice Budge writing the opinion, held the lien created by these contracts is against the land and the water right and announced the procedure for foreclosing the lien, in *Adams v. Twin Falls-Oakley Land & Water Co.*, 29 Ida. 357, 161 Pac. 322, 326, wherein the court said:

"Any lien created for the original cost of construction, together with interest thereon, is subject to foreclosure and sale by procedure somewhat analogous to the general procedure for the foreclosure of mortgages as provided for in Sec. 1629, *supra*. (Now C. S., Sec. 3021.) It was clearly the intention of the legislature, as well as the construction company, that the individual contract holder or settler should be the owner of the water right upon the completion of the construction works."

■ Further, Justice Morgan, in *Ireton v. Idaho Irr. Co.*, 30 Ida. 310, 164 Pac. 687, 689, said, "Such shares are muniments of title to the water right, are inseparable from it, and ownership of them passes with the title they represent," affirming this holding of independently owned water rights. We are convinced that the lien on the land and water right defined in the water contract was not and could not have been foreclosed by the attempted pledge sale relied upon in this case.

Leland purchased this land in question and its appurtenances, including this water right, by warranty deed from Mendini and wife. In the action between Mendini and the Canal Company and Mary S. Rutt, intervenor, the water right evidenced by the certificate was adjudged real property, that adjudication was affirmed by this court, and Mendini was held to be the owner of the land and appurtenances, including certificate No. 5604. With reference to the claim of Mary S. Rutt, as intervenor, it was held that her right of action on the lien had expired by limitation. Otherwise of course her rights were not litigated.

The actionable rights under that lien however were litigated in the former action. While it may not be said that the court ruled as against Mary S. Rutt in the former action, that the *res* of her lien was realty, we now rule that such is the case so far as is essential to the decision here. The court held the lien claim unenforceable and that title to the water right, of which the certificate is the muniment of title, was in respondent's grantor.

Our attention has been called to several cases in which this court has held that C. S., sec. 3018, does not have the effect of making the water right an inseparable appurtenance to lands to which it has been dedicated. (*Sanderson v. Salmon River Canal Co.*, 34 Ida. 145, 199 Pac. 999; *Glavin v. Salmon River Canal Co.*, 39 Ida. 3, 226 Pac. 739; *Bennett v. Twin Falls North Side Land & Water Co.*, 27 Ida. 643, 150 Pac. 336.) The court has not gone further than to hold the appurtenance attaching may be transferred to other lands. In *Strong v. Twin Falls Canal Co.*, 44 Ida. 427, 258 Pac. 173, 175, this court, Brinck, Commissioner, writing the opinion, said:

"The right to sever a water right from the land to which it is appurtenant is recognized in the cases cited only for the purpose of transferring it to other beneficial use, and then only when no other party is injured; and an attempted severance of the right without such transfer, either effected or intended, *would be ineffectual for failure of subject matter upon which the attempted severance could operate.* In

the absence of a beneficial use, actual or at least potential, a water right can have no existence. It cannot be property separate and apart from the specific use being made of it if there is no other use to which it can be put. The water not being capable of other use than that here made, and not being capable of transfer to other lands, the finding that the water right was an inseparable appurtenance to the land is clearly correct.'' (Italics ours.)

An examination of the statutes, the contracts, the certificate pursuant to them and the decisions of this court construing them compels the conclusion that in the absence of a separation authorized by law, the water right dedicated in the contract and evidenced by the certificate became an appurtenance to the land and was beneficially owned by the land owner as real estate. The fact that the appurtenance may be transferred to other lands does not render it less a complement to land; does not make it an entity, a personal chattel, which is independent of land.

Also, at the time this proceeding was started the alleged claim of Milner, which had been adjudged outlawed, was as a lien affecting real property conclusively presumed to be paid under our law. (Sess. Laws 1929, chap. 56.)

It appears that through misapprehension of the law the Canal Company has issued to Milner a certificate of stock representing a water right owned by the plaintiff. Title to such stock has been quieted as against the company by a previous action in plaintiff's assignor. Plaintiff is clearly entitled to his stock against any right that has been shown.

Finding no real legal controversy of third parties involved, or rights of third parties which could be affected by the judgment herein, we hold that the trial court properly refused to bring in additional parties, and the writ of mandate should be sustained. It is so ordered, with costs to the respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.