EDJOMAC AMUSEMENT CORPORATION, Plaintiff, *v.* EMPIRE STATE MOTION PICTURE OPERATORS' UNION, INC., and Another, Defendants.

Supreme Court, New York County, October 21, 1935.

*Reit & Kaminsky,* for the plaintiff.

*Joseph A. Teperson,* for the defendants.

ROSENMAN, J.   A preliminary injunction heretofore granted in this case has been unanimously affirmed by the Appellate Division (244 App. Div. 783).   Unless the record at the trial discloses some basis for a conclusion other than that reached by the Appellate Division, it is obvious that the determination of the appellate court is the law of this case and conclusive upon this court.   Nothing has been adduced at the trial by the defendant of a factual nature different from the record of affidavits upon which the appellate court has acted.   Accordingly, the injunction should be made permanent.

Apart from such considerations of procedure, however, the injunction should be continued.   Here the employer employs legitimate and recognized labor union members.   A rival labor union, also legitimate and recognized, is aggrieved and wishes to have its members substituted for those of the other union.   In order to accomplish its ends, it has pickets parade in front of the employer's theatres with signs which read as follows:

"An Appeal
Don't Patronize this Theatre
It Does not Employ Members of
Empire State Theatrical Stage
Employees Union, Inc."

These signs are accurate so far as the letter of truth is concerned. Their implication, however, is untruthful. They represent, and are intended to represent, to passers-by that the employer refuses to employ union help.

The intention so to represent is obvious. The prospective patrons of a theatre who are in sympathy with the principles of labor unionism are interested primarily in whether or not the theatre employs members of a legitimate labor union, and not in whether or not one union has been preferred over another. It is to these patrons that the defendant addresses its appeal. To the reader of these signs the impression is conveyed that union labor is not employed in this plaintiff's theatre. That natural impression is not in accord with the facts. Dissemination of falsehood will be enjoined in labor disputes. (*J. H. & S. Theatres* v. *Fay*, 260 N. Y. 315; *Nann* v. *Raimist*, 255 id. 307; *Wilner* v. *Bless*, 243 id. 544.)

The temporary injunction now in force prohibits the signs unless there are added thereto words, in substance, as follows: "Edjomac Amusement Corporation employs Union Labor to operate motion picture machines," in as large size type as that appearing on the signs. The defendants should have no objection to this addition to their signs unless they desire to continue this misrepresentation to the public.

The case of *Stillwell Theatre, Inc.*, v. *Kaplan* (259 N. Y. 405) is relied upon by the defendant. The decision in that case was called to the attention of the Appellate Division in the appeal from the temporary injunction order now in force, and in spite of it, the injunction order was affirmed.

The plaintiff here urges that the *Stillwell* case may be distinguished on the grounds that the court there stated: "Unquestionably defendant in picketing these three theatres was actuated by a desire to improve labor conditions as to wages, hours, number of employees and conditions of work, although incidental disadvantage to the employer might result. 'Resulting injury (from lawful picketing) is incidental and must be endured.' (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260, 263.)"

No such finding can be made in this case because no evidence was proffered by the defendant from which such desire or actuating motive might be inferred. To that extent, the conclusion reached here might well be different.

The holding in the *Stillwell* case should be distinguished, however, on a more fundamental basis. The actual decision was on an appeal from the Appellate Division of the Second Department (235 App. Div. 738), which had affirmed an injunction against the picketing solely on the ground that its purpose was unlawful, " to wit, the breach of contracts of employment for fixed and definite periods of time." This was also the sole basis for the judgment in the original court, as pointed out by the Court of Appeals (on p. 409): " the judgment was based solely on the ground that the picketing was illegal because its purpose was to induce or cause a breach of the contract between the plaintiffs respectively and the rival union." The Court of Appeals further stated that the Appellate Division rested its affirmance upon the same ground. It then proceeded to its conclusion that this ground was insufficient to warrant an injunction.

The court, in effect, left undecided the question as to whether the untruthfulness of the sign was sufficient basis for the action of the court below in granting injunctive relief. The statement of the court on page 409 is significant, that while the trial court made a finding that the sign was misleading, it based its conclusion solely on the other ground. The court thereupon considered only the other ground. Indeed, the Appellate Division in the *Stillwell* case assumed that the signs were truthful, as appears from the last sentence of its memorandum opinion. " Such orderly picketing with truthful placards was wrongful  *  *  *  because  *  *  * to attain a wrongful  *  *  *  purpose."

Therefore, there is no direct holding in the court of last resort that an injunction cannot issue against the deception practiced in this picketing unless the signs are amended to disclose the full truth about the situation.

The temporary injunction is, therefore, made permanent substantially in its present form. Submit findings, conclusions and judgment.