(No. 6449.   October 29, 1937.)

BOISE GROCERY COMPANY, a Corporation, Respondent, v. R. D. STEVENSON, Appellant, ALVIN HALVERSON, LOCAL No. 483, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, STABLEMEN AND HELPERS OF AMERICA, R. D. STEVENSON, as Manager and Executive Secretary of Said Local No. 483, ALVIN HALVERSON, as President of Said Local No. 483, J. LEE BYBEE, WM. NYE, DEAN HOLT, FRANK H. WOODFORD, JOHN LLOYD, JOHN DOE CHANNING, ARNETT BROWN, HAROLD CLAYBOURNE and JAS. CLUCAS, Defendants.

[73 Pac. (2d) 947.]

Oppenheim & Lampert, for Appellant.

Richards & Haga, for Respondent.

AILSHIE, J.—This action was instituted by respondent, a corporation doing a general wholesale grocery business, against appellant, Stevenson, as manager and executive secretary of "Local No. 483," commonly known as "Teamsters Union" (an association composed of teamsters, chauffeurs, stablemen and helpers, generally known as a "Labor Union"), Local No. 483, its president and others. Stevenson is the only one here complaining of the action of the trial court and he is called appellant merely by order of court, for purposes of designation, not by reason of having taken an appeal. An order to show cause was issued out of the trial court and on the return day affidavits and counter affidavits were filed, and the motion for temporary restraining order was heard and determined on the pleadings and affidavits alone. After the hearing the court ordered the issuance of a temporary restraining order and thereupon Stevenson, designated as appellant herein, presented a motion to the trial judge for an order certifying the entire record of the case to this court, under the provisions of sec. 9 of chapter 215, 1933 Session Laws, page 452, as a "labor dispute." The trial judge declined to so certify the record. The order recites:

"The Court and said Judge thereof having heretofore, upon the hearing had on the application of the plaintiff herein for a temporary injunction and the order to show cause, in connection therewith, found, upon the record presented upon said hearing by the parties to the above entitled cause, that no labor dispute existed as defined by and under said Chapter 215, Idaho Session Laws of 1933, and that the order of said Court and said Judge thereof, granting a temporary injunction, dated February 23, 1937, and the writ issued pursuant thereto on the same day, were not granted in a case involving or growing out of a labor dispute as provided by said Section 9 of said Chapter, and *the request and application of said R. D. Stevenson for certification under said Section 9 should, therefore, be denied,* and

"The Court and said Judge thereof having used and considered, upon such hearing on such application for such tem-

porary injunction, and there having been submitted to said Court and the Judge thereof, the entire record in the above entitled cause, and it appearing to the Court that said R. D. Stevenson should have every opportunity of presenting such record for appellate review and that this court and said Judge thereof should certify such record as having been submitted to and used and considered by said Court and Judge on said application for temporary injunction and order to show cause, and in the issuance of such order for temporary injunction,

"NOW, THEREFORE, *said request and application is denied* as under said Section 9 of said Chapter 215, Idaho Session Laws, 1933, and said record in the above entitled cause be, and hereby is, certified as follows:

"IT IS HEREBY CERTIFIED By the undersigned, Chas. F. Koelsch, Judge of the District Court of the Third Judicial District of the State of Idaho, in and for the County of Ada, that the following papers, files, documents and proceedings, to-wit:"

(Here files are listed)

*were submitted to me as Judge of the above entitled Court, and used and considered by me on the hearing on plaintiff's application for temporary injunction* and the order to show cause why such temporary injunction should not issue, and constitute and are all of the records, papers and files used or considered by me on said application and order to show cause, and the entire record of the above entitled cause." (Italics ours.)

From the foregoing order it appears that the trial judge declined and refused to certify the proceedings to this court under the provisions of the Labor Disputes Act (chap. 215 of 1933 Sess. Laws) because he had already found and held that the case did not involve a "labor dispute" as defined by the act. He did, however, certify to the papers used by him on the hearing. It is made his duty or that of his clerk, under sections 7–607 and 11–213, I. C. A., and Rule 23 of this court, to certify to the papers used on the hearing of a motion, the ruling on which is appealable, in order to have the same reviewed *on appeal.* (*Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962; *Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995;

*Spencer v. John,* 33 Ida. 717, 721, 197 Pac. 827; *Leland v. Twin Falls Canal Co.,* 51 Ida. 204, 3 Pac. (2d) 1105.)

At the very outset of our inquiry we are confronted by a motion to dismiss this proceeding on the grounds, among others, that, (a) this court has no jurisdiction of the proceeding; (b) that no notice of appeal has ever been served or filed as required by law; (c) that the proceeding, by which the case is attempted to be brought before this court, is not in compliance with the rules of this court or the statutes regulating appeals and reviews, as authorized by the constitution.

It must be conceded that the case is not here by or through any recognized procedure provided for bringing cases here from trial courts,—it is not an appeal and it is not certified as a "labor dispute"; nor does it come here in compliance with or in pursuance of any rule of this court.

The matter here complained of is only a temporary restraining order pending trial of the case on its merits. Such a trial could have been had long before this matter was presented to us and a decision could have been had on oral testimony upon the merits of the controversy. So also could the witnesses have been cross-examined in this proceeding in the trial court under sec. 6-411, I. C. A. In this state of the record and proceeding we are asked to take jurisdiction of the controversy and decide the only real issue involved in the case upon *ex parte* affidavits and construe and apply a statute new and somewhat novel in this jurisdiction, on which federal courts and several state courts have expressed various and sometimes conflicting views and opinions. (*United States v. Weirton Steel Co.,* 7 Fed. Supp. 255, at 263; *Cinderella Theater Co. v. Sign Writers' Local Union, etc.,* 6 Fed. Supp. 164; *Knapp-Monarch Co. v. Anderson,* 7 Fed. Supp. 332; *Miller Parlor Furniture Co., Inc., v. Furniture Workers' Industrial Union,* 8 Fed. Supp. 209; *Levering & Garrigues Co. v. Morrin,* 71 Fed. (2d) 284; *American Steel Foundries v. Tri-City Central Trades Council,* 257 U. S. 184, 42 Sup. Ct. 72, 66 L. ed. 189, 27 A. L. R. 360; *American Furniture Co. v. I. B. of T. C., etc.,* 222 Wis. 338, 268 N. W. 250, 106 A. L. R. 335; *Senn v. Tile Layers Protective Union, etc.,* 222 Wis. 383, 268 N. W. 270; Id., 301 U. S. 468, 57 Sup. Ct. 857, 81 L. ed. 1229; *Truax v. Corrigan,* 257. U. S. 312,

42 Sup. Ct. 124, 66 L. ed. 254, 27 A. L. R. 375; *Donnelly Garment Co. v. International Ladies' Garment Workers' Union*, 20 Fed. Supp. 767, decided August 13, 1937, cases cited by appellant; *United Elec. Coal Cos. v. Rice*, 80 Fed. (2d) 1, 297 U. S. 714, 56 Sup. Ct. 590, 80 L. ed. 1000; *Lauf v. E. G. Shinner & Co.*, 82 Fed. (2d) 68; *Safeway Stores, Inc., v. Retail Clerks' Union, etc.*, 184 Wash. 322, 51 Pac. (2d) 372; *Robinson v. Hotel & R. E. Local 782*, 35 Ida. 418, 207 Pac. 132, 27 A. L. R. 642; *Scavenger Service Corp. v. Courtney*, 85 Fed. (2d) 825; *Edjomac Amusement Corp. v. Empire State Motion Picture Operators' Union, Inc.*, 156 Misc. 856, 283 N. Y. Supp. 6, cases cited by respondent.

We hold that this court has not acquired jurisdiction of the matters sought to be reviewed. The proceeding to bring the case into this court for review is dismissed and the cause is remanded. No costs awarded.

Morgan, C. J., and Holden, J., concur.

Givens, J., dissents.

Budge, J., expresses no opinion.